# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ANGELA DENISE NAILS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:08-CV-1990-VEH |
| | ) |
| **ARBOR ACERS APARTMENTS,** | ) |
| **LISA TILLEY, CYNTHIA** | ) |
| **WASHINGTON,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

## I.  INTRODUCTION

On August 1, 2008, Plaintiff, Angela Denise Nails ("Nails"), initiated the case presently before this Court by filing a complaint in the Circuit Court of Marshall County, Alabama. Nails proceeds *pro se* and *in forma pauperis* in this matter. (Doc. 1.)  Defendant Lisa Tilley ("Tilley") removed the case to this Court on October 27, 2008.  (*Id.*)   The basis for removal was federal question jurisdiction, in that Nails's claims arise under the Fair Housing Act, 42 U.S.C. §§ 3601-3619.  (*Id.* at p.3.)[1]

---

[1] Construed literally, Nails's Complaint also alleges that the same actions that violated the Fair Housing Act deprived her of property rights guaranteed by the Fifth Amendment to the United States Constitution, by and through 42 U.S.C. § 1983.

Case 4:08-cv-01990-VEH   Document 22   Filed 02/12/09   Page 2 of 15

Pending before the Court are Tilley's Motion for Summary Judgment (Doc. 9) and Nails's Motion of [sic] Review of *Pro Hac Vice* of Defendant's Attorney (Doc. 15).  In Tilley's Motion, she requests not only that the Court enter judgment in her favor, but also that Nails be enjoined from filing further lawsuits in this district without prior approval.  (Doc. 11 at 8.)

Nails has opposed (Doc. 21) Tilley's Motion.  Tilley has opposed (Doc. 18) Nails's Motion.  Both Motions therefore are under submission.

For the reasons discussed below, the Court finds that Tilley's Motion is due to be **GRANTED** as to Tilley[2] and that Nails's motion is due to be **DENIED**.

## II.   STANDARD OF REVIEW

The Eleventh Circuit has summarized the summary judgment burden, including when a defendant seeks judgment as a matter of law on the basis of an affirmative defense, as follows:

> Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the

---

[2] Tilley had sought summary judgment not only as to herself but also as to the remaining (unserved or improperly served) Defendants, Arbor Acres Apartments ("Arbor Acres") and Cynthia Washington ("Washington").  For the reasons stated hereinafter, the Court will dismiss Nails's claims against Arbor Acres and Washington, without prejudice.

> nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quotations and emphasis omitted). If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense. *See Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir.2003).

*International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1273-74 (11th Cir. 2006).

Although any "specific facts" pled in a *pro se* plaintiff's sworn complaint must be considered in opposition to summary judgment, *see Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986), the Complaint in this action was not sworn or attested to. Nonetheless, the Court considered all such facts.

On December 3, 2008, the Court entered and, on December 4, 2008, sent to Nails, a Notice and Scheduling Order. (Doc. 12.) In that Notice, the Court stated that "[t]he purpose of this order is to notify Plaintiff of her right to file affidavits or other materials in opposition to the motion [for summary judgment] and to notify Plaintiff of the consequences of default." (*Id*. at 1.) Further, the Court specifically "call[ed] to Plaintiff's attention the fact that, although the pending Motion for Summary Judgment was filed by one Defendant, Lisa Tilley, it seeks judgment as to all of Plaintiff's claims against all Defendants." (*Id*. at 2.) (emphasis in original.)

3

## III.     FACTUAL AND PROCEDURAL HISTORY[3,4]

Nails resided in Arbor Acres Apartments in Aliceville, Alabama from February 13, 2004, until February 12, 2005. (Complaint, Doc. 1-2, p.1.) Defendant Lisa Tilley ("Tilley") managed these apartments. (*Id*.) It is not clear from the Complaint before the Court who Defendant Cynthia Washington is and what Nails's allegations are against her but the Court notes from the Amended Complaints in a 2005 case[5] filed in this district by Nails against the same Defendants named in this case, plus an additional defendant, Juanita Hudson, that Defendant Cynthia Washington was a tenant of Arbor Acres Apartments. (*See* Doc. 21, p. 15-9; *see also* Doc. 10-7, Ex. E.) Nails alleges that, during the time of her residence at Arbor Acres, she was harassed by Tilley and by other tenants of the complex. (Doc. 1-2, pp. 1-2; *see also*, Doc. 10-7, Ex. E.) Furthermore, Nails alleges that the Defendants deprived her, because of racial animus and in violation of the Fair Housing Act, of her "right ... of enjoyment

---

[3] These are the facts for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts.'") (citation omitted).

[4] Nails has adopted facts 1-10 of Tilley's Statement of Undisputed Facts.  *See* Doc. 21, pp. 39-41.  Therefore, those facts are established for purposes of this motion.  Further, the Court takes judicial notice of all pleadings from this district that were submitted by Tilley and/or Nails or are otherwise referenced in this Memorandum Opinion.  *See* Fed. R. Evid. 201 (judicial notice of adjudicative facts).

[5] *Angela Denise Nails v. Arbor Acers Apartments, Lisa Tilley, Juanita Hudson, and Cynthia Washington*, 7:05-cv-02559-TMP-KOB.

of housing." (Doc. 1-2, p.2; *see also* Doc. 10-7, Ex. E. (alleging that the defendants failed to "create a complete and normal environment for living" on account of Nails's race, in violation of the Fair Housing Act.)).

The basis for Tilley's Motion is that Nails's claims are barred by *res judicata*. Specifically, Tilley argues that Nails's claims are barred because of the final judgment of dismissal <u>with prejudice</u>, entered on December 16, 2005, in case number 7:05-CV-2559-TMP-KOB[6] (the "prior litigation") of her claims against <u>all</u> of the defendants named in the current case. (Doc. 11 at pp. 1-2, 5-7.) Alternatively, Tilley argues that Nails's claims are barred by the applicable statutes of limitations. (*Id*. at pp. 2, 7-8.)

## IV. ANALYSIS

### A. *Res Judicata* bars Nails's claims

"A party seeking to invoke the doctrine of *res judicata* must establish its propriety by satisfying four initial elements: '(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final

---

[6] Although unmentioned by either party, Nails also previously filed a lawsuit in this district against Arbor Acres, another separate lawsuit in this district against Lisa Tilley, another separate lawsuit in this district against Cynthia Washington, and another separate lawsuit in this district against Juanita Hudson (the defendant who was dismissed without prejudice in 7:05-CV-2559-TMP-KOB). All three cases were dismissed without prejudice. *See Nails v. Arbor Acers Apartments*, No. 7:05-CV-00488-LSC; *Nails v. Tilley*, No. 7:05-CV-00487-LSC, *Nails v. Washington*, No. 7:05-CV-00490-WMA, and *Nails v. Hudson*, No. &;05:CV:00489-LSC. In all of these cases, Nails proceeded *pro se* and *in forma pauperis*.

judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.' *In re Omine*, 485 F.3d 1305, 1311 -1312 (11th Cir. 2007) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir.2001)).

Nails has cited no case law and made no argument in opposition to Tilley's motion. (*See* Doc. 21 at 38-42.) Moreover, Nails has not disputed any of Tilley's undisputed facts and, indeed, has adopted facts 1 through 10 from Tilley's brief as her own. (See Doc. 21 at 40-41; *see also* Doc. 11 at 2-3). However, a "district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004), citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). While this court is not required to examine every item of evidence before it when considering a motion for summary judgment, it must make certain that the motion is "supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101. At the least, this court must consider all the evidence submitted by the movant in support of its motion. *Id.*, citing *Jeroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) (". . . the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue

of material fact.")  The movant must demonstrate an absence of a genuine issue of material fact; if the movant fails to meet his burden, this court may deny the motion, without regard to whether the nonmovant has filed a response.  *Hibernia Nat'l Bank*, 776 F.3d at 1279, citing *John*, 757 F.2d at 708.  However, if the nonmovant has not supplied the court with a response to dispute any issue of fact, this court may receive the movant's factual account as "a prima facie showing of its entitlement to judgment."  *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988), citing *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Upon the Court's own review of Tilley's motion for summary judgment, the evidentiary record submitted in support of and in opposition to the motion, the briefs of both parties, and taking judicial notice of court documents maintained in the Clerk's Office of this district, the Court finds that all four of the elements cited by the Eleventh Circuit in *In re Omine* are satisfied.

Nails's claims in the prior litigation are identical to the claims in this case. Additionally, Nails has sued in the current case <u>only</u> the defendants as to whom the

dismissal with prejudice was effective in the prior litigation.[7] The court in the prior litigation was a court of competent jurisdiction. Judge Bowdre's order was a final judgment on the merits, dismissing the case with prejudice for failure to state a claim upon which relief could be granted. *See Nails v. Arbor Acers Apartments, et al*, No. 7:05-cv-02559-TMP-KOB (N.D. Ala. Sept. 24, 2007) (doc. 53). The cases involve the same parties (minus Juanita Hudson, who has not been named in the instant case), and the same causes of action. Therefore, Tilley has demonstrated that the doctrine of *res judicata* bars further litigation of this action. Consequently, the motion for summary judgment is due to be **GRANTED** as to Tilley.

However, as noted above, neither Arbor Acres nor Washington have been properly served. Therefore, the Court's *in personam* jurisdiction over them has not been established. *See Travillion v. Coffee*, 248 Fed. Appx. 335, 337 (3d Cir. 2007) ("As a preliminary matter, we observe that the District Court refused to grant Travillion's motion for a default judgment because Aramark had not been properly served with the complaint. The District Court then proceeded to enter summary judgment in Aramark's favor. As proper service is a prerequisite to personal

---

[7] In her Memorandum Opinion (Doc. 10-9, Ex. G) and Order (Doc. 10-10, Ex. H) the Honorable Karon O. Bowdre dismissed with prejudice Nails's claims against Tilley, Arbor Acres, and Washington and dismissed the claim against Hudson without prejudice because Hudson had never been served with process. (Doc. 10-9, Ex. G at 2.)

jurisdiction, the District Court should not have entered summary judgment under these circumstances.") (citing *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir.1993) ( "A district court's power to assert in personam authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4.")); *see also Bryant v. Rich*, 530 F.3d 1368, 1378 n.3 (11th Cir. 2008) (finding that because certain defendants "had not yet been served, the district court's grant of partial summary judgment to all served Defendants was a final appealable order").

The Court is aware that, on December 29, 2008, by margin order, it granted Nails's Motion for Leave to Proceed In Forma Pauperis (Doc. 20) and that, as part of that Motion, Nails requested that the Court serve the Complaint upon Arbor Acres and Washington. The Court further notes that the Clerk's Office has not served the Complaint upon either Arbor Acres or Washington. However, because the Court finds that service upon Defendants Arbor Acres and Washington would simply result in the immediate entry of summary judgment in their favor, and because the Court finds that this lawsuit is frivolous and Nails is an abusive litigant, the Court reverses that part of its Order granting Nails's *in forma pauperis* petition insofar as Nails sought, and the Court agreed, to make service upon Arbor Acres and Washington on Nails's behalf. Further, the Court will dismiss Arbor Acres and Washington from this

lawsuit, without prejudice.

### B.     The Statute of Limitations Bars Nails's Claims

Alternatively, the Court finds that Tilley's Motion for Summary Judgment is due to be granted on the basis that all of Nails's claims are barred by the applicable statute of limitations.

Under the Fair Housing Act, "[a]n aggrieved person may commence a civil action . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice...." 42 U.S.C. § 3613(a)(1)(A).  Plaintiff alleges she was harassed from February 13, 2004, through February 12, 2005.  (Doc. 1 at 1). Plaintiff filed her current lawsuit on August 1, 2008 - more than three years after the alleged discriminatory housing practice occurred and/or terminated.  Accordingly, Tilley is entitled to summary judgment as to Nails's claims under the Fair Housing Law, 42 U.S.C. §§ 3601 through 3619, and such claims are due to be dismissed without prejudice as to Arbor Acres and Washington.

Similarly, Nails's Fifth Amendment claim is time-barred. Under Alabama law, "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Code of Ala. § 6-2-38(l); *see* 42 U.S.C. § 1983 (providing cause of action for violation of civil rights); *Wallace v. Kato*, 127 S. Ct. 1091, 1094 (2007) (finding

courts should look to State statute of limitations for personal-injury torts to determine length of limitations period for claims under 42 U.S.C. § 1983); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (stating governing limitations period for Section 1983 claim brought in Alabama is two years and citing to Code of Ala. § 6-2-38). Because Nails filed this lawsuit more than two years after the alleged harassment ended, Tilley is entitled to summary judgment as to her Fifth Amendment claim, and such claim is due to be dismissed without prejudice as to Arbor Acres and Washington.

### C.     Defendant's Request for Injunctive Relief

While the Court has already determined that Tilley's Motion for Summary Judgment is due to be granted, Tilley has also requested an injunction barring Nails from filing further lawsuits in this district without prior court approval. (Doc. 11 at 8.)

"There should be little doubt that the district court has the jurisdiction to protect itself against the abuses that [abusive litigants] visit upon it. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073-1074 (11th Cir. 1986). Indeed, "[t]he court has a responsibility to prevent single litigants from unnecessarily

encroaching on the judicial machinery needed by others." *Id.* "There is no doubt that [a] district court [has] the power to devise an injunction to protect itself against [litigation] abuses." *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991). However, the Court must balance between protecting its jurisdiction and impermissibly restricting a litigant's right of access to the courts. *Id.* (finding that it was impermissibly restrictive to bar a litigant from entering the federal courthouse); *but see Procup*, 792 F.2d at 1074 (holding litigant may be "severely restricted as to what he may file and how he must behave in his applications for judicial relief"). "Thus, when federal court integrity and jurisdiction must be protected from an abusive litigant, the Court may fashion an appropriate remedy that does not completely foreclose access to the federal courts." *May v. Hatter*, No. 00-4115-CIV-MOORE, 2001 WL 579782 at *4 (S.D. Fla. 2001). The Eleventh Circuit has stressed that "'considerable discretion necessarily is reposed in the district court' when it drafts such orders." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir.1993) (quoting *Procup*, 792 F.2d at 1074). Recognizing this considerable discretion, the Eleventh Circuit has "upheld pre-filing restrictions on litigious plaintiffs." *See Id.* (citing *Copeland*, 949 F.2d 390; *Cofield v. Alabama Public Ser. Comm.*, 936 F.2d 512, 517-518 (11th Cir. 1991)).

Nails is a prolific litigant. Since 2003, she has filed approximately ninety-five

(95) separate complaints in state court. (Doc. 10, Ex. K.) The Court takes judicial notice that, since 2005, she has filed approximately eighteen lawsuits in the Northern District of Alabama.[8] None of the federal lawsuits have been successful. Every lawsuit that she files consumes judicial resources, as well as time and money for the defendants that she sues.

Based on the record before the Court and a review of the District Court docket, the Court finds that Nails is an abusive litigant, prone to filing frivolous lawsuits, and that there is good cause for restricting Nails's ability to file future lawsuits in this district. Therefore, the Court will enter an order consistent with Tilley's request and the Eleventh Circuit's guidelines in fashioning appropriate relief.

### C. Plaintiff's "Motion of Review of *Pro Hac Vice*"

Nails's Motion of [sic] Review of *Pro Hac Vice* of Defendant's Attorney (Doc. 15) is due to be **DENIED**. In her motion, Nails asserts that Tilley's attorney, Amber Isom-Thompson, should not be permitted to appear because Tilley's attorney has been

---

[8] *See Nails v. Steensland*, No. 2:06-CV-00069-SLB; *Nails v. Dothan Rescue Mission*, No. 2:06-CV-00209-IPJ; *Nails v. East Gate Inn Motel*, No. 2:06-CV-00212-KOB; *Nails v. Compass Bank*, No. 2:06-CV-00263-WMA; *Nails v. Kelly Temporary Serv.*, No. 2:07-CV-00890-SLB; *Nails v. Aliceville*, No. 7:05-CV-00480-RDP; *Nails v. Sandpiper Apartments*, No. 7:05-CV-00486-UWC; *Nails v. Tilley*, No. 7:05-CV-00487-LSC; *Nails v. Arbor Acers Apartments*, No. 7:05-CV-00488-LSC; *Nails v. Hudson*, No. 7:05-CV-00489-LSC; *Nails v. Washington*, No. 7:05-CV-00490-WMA; *Nails v. Sandpiper Apartments*, No. 7:05-CV-02443; *Nails v. Arbor Acers Apartments, et al*, No. 7:05-CV-02559-TMP-KOB; *Nails v. Jones*, No. 7:06-CV-00211; *Nails v. Beavers, et al*, No. 7:06-CV-00213-RDP; *Nails v. Rana, et al*, No. 7:07-CV-02076-UWC; *Nails v. Gilmore*, No. 7:07-CV-0277-LSC.

admitted to state court *pro hac vice*, but that she has not paid her fee in this Court. (Doc. 15 at 2.) Nails is mistaken in her claim. This Court entered a margin order on November 3, 2008, granting Amber Isom-Thompson leave to appear *pro hac vice*, contingent upon payment of the appropriate fee. The docket sheet reflects that Ms. Isom-Thompson paid the required fee on the same date as the Court's Order.

Nails also argues that Tilley's attorney is not following the Court's "rules to settle the complaint before further process . . . ." (Doc. 15 at 2.) However, the Court has not ordered the parties to settle the complaint, and it is entirely without authority to force the parties to reach a settlement. Thus, the Court disregards this aspect of Nails's motion. Accordingly, the Motion of Review of *Pro Hac Vice of Defendant's Attorney* is **DENIED**.

## V. CONCLUSION

For the reasons discussed above, the Defendant's Motion for Summary Judgment will be **GRANTED**. Nail's claims against Arbor Acers and Washington will be **DISMISSED WITHOUT PREJUDICE**. The Clerk's Office will be **DIRECTED** to refrain from processing any new action by Nails unless a judge of this Court makes a pre-filing determination that the case has sufficient merit to be filed. The Motion of [sic] Review of *Pro Hac Vice* of Defendant's Attorney will be **DENIED**. An Order consistent with the findings in this Memorandum Opinion will

be entered.

      **DONE** this the 12th day of February, 2009.

 

                                          **VIRGINIA EMERSON HOPKINS**
                                          United States District Judge