# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ANGELA DENISE NAILS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 4:08-CV-1990-VEH** |
| | ) |
| **ARBOR ACERS APARTMENTS,** | ) |
| **LISA TILLEY, CYNTHIA** | ) |
| **WASHINGTON,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Pending before the Court is the Motion for Reconsideration of Order Dismissing Case (Doc. 27), filed by the Plaintiff, Angela Denise Nails ("Nails"), who proceeds *pro se* in this matter. Because the Court finds that Nails has provided no newly discovered evidence and has not demonstrated a need to correct clear error or manifest injustice, the Plaintiff's motion is due to be **DENIED**.

### II.   FACTUAL AND PROCEDURAL HISTORY

The Court provided a thorough explanation of the factual and procedural history of this case in its Memorandum Opinion of February 12, 2009. (Doc. 22.) As

explained in more detail in that document, the Court granted the Motion for Summary Judgment of the Defendant, Lisa Tilley ("Tilley") and denied Nails's Motion of [sic] Review of Pro Hac Vice of Defendant's Attorney. (*See* Doc. 22 at 1-2.) Further, the Court found that Nails was an abusive litigant, and it entered an injunction barring Nails from filing future lawsuits in this Court without prior court approval. (*Id.* at 11-13.)

In the pending motion, Nails seeks reconsideration of that Memorandum Opinion and Order. (Docs. 22-23.) Tilley has opposed the motion, filing a brief in opposition (Doc. 28), and the motion is now under submission to the Court. For reasons discussed below, the motion is due to be **DENIED**.

## III. STANDARD OF REVIEW[1]

The Honorable William H. Steele, United States District Court Judge for the Southern District of Alabama recently provided a succinct summary of the standard of review for a motion to reconsider:

> The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport,* 229 F.3d 1012, 1023-24 (11th Cir.2000) (en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying

---

[1] Although Nails does not specify under which of the Federal Rules of Civil Procedure she files the instant motion, the Court treats the pending motion as one brought under Rule 60, since the time for filing a Rule 59(e) motion has expired.

> motion. *Mays v. United States Postal Service,* 122 F.3d 43, 46 (11th Cir.1997); *accord Shuford v. Fidelity National Property & Casualty Insurance Co.,* 508 F.3d 1337, 1345 (11th Cir.2007). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center, Inc. v. Riley,* 284 F.Supp.2d 1350, 1355 (M.D.Ala.2003); *accord Gougler v. Sirius Products, Inc.,* 370 F.Supp.2d 1185, 1189 (S.D.Ala.2005).

*Young v. City of Gulf Shores*, No. 07-0810-WS-M, 2009 WL 321221 at *1 (S.D. Ala. Feb. 5, 2009).

### IV.   ANALYSIS

Nail's Motion for Reconsideration of Order is an incomprehensible document, and her assertions are admittedly difficult to understand but, to the extent that the Court can decipher her arguments, the Court responds as follows.

First, it appears that Nails argues that the Court "wrong and [that] the court cannot bar[] Angela Denise Nails from ever filing a complaint against Lisa Till[ey]" (Doc. 27 at 3.)  This argument does not aver or demonstrate that a manifest injustice occurred, or that there is new evidence, or that an intervening change in the law occurred.  Consequently, the Court rejects this argument, as it amounts merely to a disagreement with the Court's prior opinion.  Further, the Court has <u>not</u> "barred" Nails "from ever filing a complaint against Lisa Till[y]."  Rather, the Court has ruled that any such future complaint must be prescreened by a judge of this district before

it can proceed.

Next, Nails argues that the Court should not have reversed its prior margin order of December 29, 2008, requiring the clerk of court to serve the Complaint upon Arbor Acres and Cynthia Washington in its Memorandum Opinion granting summary judgment (Doc. 22 at 9). (Doc. 27 at 3-4.) This argument also does not rely upon any of the grounds upon which a motion to reconsider is typically granted, and the Court declines to exercise its discretion to reconsider its prior Order. Further, the Court reiterates its prior opinion that "service upon Defendants Arbor Acres and Washington would simply result in the immediate entry of summary judgment in their favor," and that service of these defendants is therefore an unnecessary step. (Doc. 22 at 9.)

Similarly, Nails challenges the Court's denial of her "Motion of Review of Pro Hac Vice of Defendant's Attorney." (Doc. 27 at 4.) She cites no new grounds upon which to base her argument, which the Court already considered and rejected. Consequently, the Court once again declines to exercise its discretion to reconsider this aspect of its Memorandum Opinion and Order.

Next, Nails argues that "the defendant [did] not provide[] any proof of why the defendant is asking for [] summary judgment." (Doc. 27 at 5.) This argument is simply incorrect; the Court found, in its Memorandum Opinion granting summary

judgment, that the factual claims of Tilley were undisputed and that Nails had agreed to them in her opposition to summary judgment. (Doc. 22 at 5.) Thus, the Court also rejects this argument.

Nails also argues that her complaint should not be barred by the statute of limitations because she submitted her lawsuit initially in 2005, within the limitations period for a Fair Housing Act cause of action. Nails misunderstands the Court's ruling. The Court first found that the action was barred by the doctrine of *res judicata*. (Doc. 22 at 8.) The Court <u>alternatively</u> found that, to the extent that the claims were <u>not</u> barred by *res judicata*, the applicable statute of limitations barred her claim. (Doc. 22 at 10.) It is unavailing that Nails filed her first lawsuit in 2005; relitigation of those issues was barred by *res judicata*. To the extent that her claim is a new one, based on separate factual allegations, it is barred by the statute of limitations. Thus, the Court also rejects this argument as a basis for reconsideration.

Finally, Nails argues that the Court does not have jurisdiction over the parties, because they reside in the same state. (Doc. 27 at 7.) Were jurisdiction based upon diversity of citizenship under 28 U.S.C. §1332, Nails would be correct. However, since Nails brought her claim under the Fair Housing Act, 42 U.S.C. §§ 3601-3619, a federal statute, the Court has jurisdiction under 28 U.S.C. § 1331. This challenge to the Court's prior ruling also fails.

The Court also notes that the Plaintiff appears determined to continue to file lawsuits such as the one dismissed by this Court. (Doc. 27 at 3 ("[T]he court is wrong and the court cannot bar[] Angela Denise Nails from ever filing a complaint against Lisa Till[ey]. And if the court continues this behavior the Plaintiff will file the plaintiff case with other courts who disagree with this court.").) Nails's statements further confirm why this Court appropriately found that she was an abusive litigant whose future lawsuits should be screened by a member of the Court before allowing the claims to proceed.

## V.   CONCLUSION

As explained above, Nails has brought to this Court's attention no reason why it should reconsider her previously dismissed claim against Tilley. She has not demonstrated that there is any new evidence, that the court committed clear error, or that a manifest injustice would result if the Court did not reconsider its prior Order. Consequently, the Motion to Reconsider is due to be **DENIED**.

**DONE** and **ORDERED** this the 31st day of March, 2009.

*[signature]*
**VIRGINIA EMERSON HOPKINS**
United States District Judge